# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

o

---

### NATHANIEL MILLER AND OTHERS, RESPONDENTS, v. THE LONG ISLAND RAILROAD COMPANY, APPELLANT.[*]

*Fire caused by negligence of railroad company — Evidence — as to ownership and location of lots burned — who may maintain action of trespass — Witness — may state who is in possession of real estate — after stating the facts, may give conclusions as to injury done property — Appraisers — estimates made by.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee. This action was brought to recover damages to wood-land of the plaintiffs, caused by a fire started through the defendant's alleged negligence. The wood-lands of a number of other persons had also been burned by the same fire, and their claims for damages therefor had been assigned to the plaintiffs, and were sought to be recovered in this action.

The court at General Term, after approving of the findings by which the referee held that the fire was occasioned through the negligence of the defendant, and that the plaintiffs were entitled to recover therefor, say further: "It will be now necessary to examine the objections and exceptions taken during the progress of the trial, to see if any errors have crept into the proceedings.

At the close of the case the defendant's counsel made a motion to strike out certain of the plaintiffs' exhibits, which were deeds of conveyance introduced in evidence on the part of the plaintiffs, on the ground that there was no proof that the property described in them was the same property which had been injured by the fire. Under the objection, we must assume that these deeds of conveyance were admissible in evidence, and if it be admitted that the premises were not identified, that does not make the admission of the deeds in evidence error.

[*] Decided at September term, 1876.

The question was asked of certain witnesses: "Are you the owners of a certain portion of this tract which was burned over." This was objected to as incompetent, and the referee received it for the purpose of locating the land. We do not think this was error.

It was objected that as to many of the parcels of land injured, there was no proof of title, because the premises in the deeds of conveyance introduced were not identified. This objection is not well taken, because it appeared that in all the cases the persons making the claim, and who had assigned to the plaintiffs, were in possession of the land. This was sufficient to enable the party to recover against the defendant in trespass. (*Brown* v. *Bowen*, 30 N. Y., 539 ; 1 Cowen and Hill's Notes, 353.)

The referee allowed the parties to testify that they were in possession of the premises upon which the damage was done by the fire, and this kind of testimony was objected to and its admission is now insisted upon as error. We do not think it was. We think it is competent for a witness to testify that he is himself, or that any other person is in possession of real estate. (*Parsons* v. *Brown*, 15 Barb., 593.)

During the progress of the trial a number of the witnesses, principally persons who had assigned claims to the plaintiffs, were asked the following questions substantially, after they had testified as to the lot and the extent of the fire : Now what do you estimate that that wood was damaged on that lot ?

This was objected to as incompetent.

Now there was no objection to the kind of question, except that it might call for the opinion of the witness. It certainly was not incompetent testimony.

It was not objected to because it called for the opinion of the witness, but even if it had been, it is not necessarily open to that objection. It calls for an estimate and an estimate must be made up from facts, and the witnesses in all cases, both before and after they answered the questions, gave the facts upon which their estimate was founded. We think the general rule to be, that where a witness states the facts, he may be permitted to give his conclusion in relation to the injury done to property, either real or personal. We do not think, therefore, that there was any error in admitting this kind of testimony.

After the fire three gentlemen were selected by the persons who had sustained damages by it, to make an appraisement of the damages sustained. These appraisers were men of experience, and were thoroughly acquainted with wood-land and wood, and its value, They examined each particular parcel, and made an estimate of the damage to each, which was reduced to writing. This statement showed the estimated damages in each case in detail.

These three persons were called as witnesses and were examined in relation to their estimate, and the principles upon which the same was made. The plaintiffs' counsel offered the paper in evidence in connection with the testimony of the witnesses, and the referee allowed the papers to go in with the understanding that the witness is to be considered as testifying in the case of every man whose name appears on that paper, in the same manner and to the same extent, as in regard to the three persons whom he has testified about. To this the defendant simply excepted, without stating any ground. This was simply another way of getting the testimony of these witnesses, and we think the testimony was competent. (*Robertson* v. *Knapp*, 35 N. Y., 91.)

The judgment must be affirmed, with costs."

*A. J. Vanderpoel* and *Robt. S. Green*, for the appellant. *J. Lawrence Smith*, for the respondents.

Opinion by DYKMAN, J.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment affirmed, with costs.

---

JOSHUA HARRISON AND JAMES HARRISON, APPELLANTS, *v.* HENRY R. GLOVER AND OTHERS, RESPONDENTS.

*Contract — interpretation of — Price of goods in market — determined by offer — not alone by sale.*

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought upon a contract under which the plaintiffs, who were manufacturers of blankets, had intrusted the same to the defendants for sale.